UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDRE PATTERSON,<br><br>    Plaintiff,<br><br> v.<br><br>DEANNA CRESPO,<br><br>    Defendant. | Case Number 11-cv-06137 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS WITHOUT PREJUDICE**<br><br>Re: Docket No. 3 |

  Plaintiff Andre Patterson moves to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Dkt. No. 3. Patterson has not consented to the jurisdiction of a magistrate judge. As this Court does not have authority to make a dispositive ruling in this case because the parties have not consented to its jurisdiction under 28 U.S.C. § 636(c), the Court orders that this case be REASSIGNED to a District Judge. The Court RECOMMENDS that Patterson's complaint be dismissed without prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**I. STANDARD OF REVIEW**

  Any person seeking to commence a civil suit in district court must pay a filing fee of $350. 28 U.S.C. § 1914(a). A district court has the authority to waive this fee for any person who shows in an affidavit that he or she is unable to pay it. 28 U.S.C. § 1915(a)(1). A district court may dismiss the complaint of an IFP applicant at any time if it determines that the

Case No. 11-cv-06137 NC
REFERRAL FOR REASSIGNMENT
WITH RECOMMENDATION

complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under the IFP statute "does not prejudice the filing of a paid complaint making the same allegations." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

## II. DISCUSSION

Patterson has shown in his IFP application that he is unable to pay the filing fee required to file a complaint. *See* Dkt. No. 3, IFP Application. Patterson's complaint, however, fails to state a claim upon which relief may be granted. In his complaint, Patterson claims that Defendant Crespo violated his rights under the First and Fifth Amendments of the United States Constitution. Dkt. No. 1, Complaint, at 2. He alleges that after he was threatened by an "unruly" and "violent" co-tenant, he attempted to report the incident to Defendant Crespo, who is his landlord and "an advocate for Catholic charities." *Id.* at 1. Crespo allegedly told Patterson to leave her office and "banned" him "from services." *Id.* at 2. Patterson claims that Crespo's actions violated his "right to a fair hearing" under the Fifth Amendment. *Id.* The rest of the complaint contains excerpts of the text of the First and Fifth Amendments. *Id.*

The First Amendment prohibits Congress from making laws "respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. The Due Process Clause of the Fifth Amendment forbids the federal government from depriving persons of "life, liberty, or property, without due process of law." U.S. CONST. amend. V. The First and Fifth Amendments "apply to and restrict only the Federal Government and not private persons." *Public Utils. Comm'n of Dist. of Columbia v. Pollak*, 343 U.S. 451, 461 (1952). Federal government officials may be sued in their capacity as individuals. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Here, Patterson's complaint fails to state a claim for relief under the First or Fifth Amendments because he fails to allege that Crespo is a person acting on behalf of the federal government. Patterson's complaint also fails to state a claim for relief under 42 U.S.C. § 1983, which provides a cause of action for constitutional violations committed by persons acting under the color of state law, as Patterson does not allege that Crespo acted under the authority of state

law when she purportedly violated his rights.  *See West v. Adkins*, 487 U.S. 42, 48-49 (1988). Accordingly, the Court recommends that Patterson's complaint be dismissed with leave to amend.

       IT IS SO ORDERED.


DATED:  December 12, 2011

                                                          _____
                                                          NATHANAEL M. COUSINS
                                                          United States Magistrate Judge